**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **ADEL EDWARDS, FRED BARBER,** ) | |
| **VERA CHEEKS, ULYSSES WEST,** ) | |
| **JAMES H. DAVIS, JR.** ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL FILE NO. 1:15-CV-67** |
| ) | |
| **RED HILLS COMMUNITY** ) | |
| **PROBATION, LLC, MARGARET** ) | |
| **CRUTCHFIELD, MARTIELE PICKLE,** ) | |
| **JODI SIMPSON, NEALIE McCORMICK,** ) | |
| **ERIC MILLER, JOHN DOES 1-3,** ) | |
| **JOHN DOES 4-6, CITY OF PELHAM,** ) | |
| **CITY OF BAINBRIDGE** ) | |
|     **Defendants.** ) | |

### ANSWER TO COMPLAINT

COMES NOW, Red Hills Community Probation, LLC (hereinafter referred to as "Red Hills"), Margaret Crutchfield (hereinafter referred to as "Crutchfield"), Martiele Pickle (hereinafter referred to as "Pickle"), and Jodi Simpson (hereinafter referred to as "Simpson"), four of the defendants in the above-styled action and hereby present the following answer and defenses to plaintiffs' complaint.  These four defendants will be collectively referred to as "these defendants".

### FIRST DEFENSE

The complaint fails to state a claim against these defendants upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs' claims are barred by the doctrines of waiver and estoppel.

**THIRD DEFENSE**

The claims for damages asserted by the plaintiff and purported members of the plaintiff class are barred because the plaintiffs and other purported class members suffered no damages.

**FOURTH DEFENSE**

Claims for damages asserted by plaintiff and the purported members of the plaintiffs class are barred by the doctrine of unjust enrichment.

**FIFTH DEFENSE**

With regard to the events described in plaintiffs complaint, the conduct of these defendants did not amount to willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.   Therefore, O.C.G.A. § 51-12-5.1(b) bars plaintiffs from recovering punitive damages against these defendants.

**SIXTH DEFENSE**

The Due Process Clause of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution bar plaintiffs from recovering punitive damages against these defendants.

**SEVENTH DEFENSE**

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution bars plantiffs from recovering punitive damages against these defendants.

**EIGHTH DEFENSE**

The Excessive Fines Clause of Article I, Section I, Paragraph XVII of the Georgia Constitution bars plaintiffs from recovering punitive damages against these defendants.

**NINTH DEFENSE**

The Excessive Fines Clause contained in the Eighth Amendment to the United States Constitution bars plaintiffs from recovering punitive damages against these defendants.

**TENTH DEFENSE**

The decisions of the United States Supreme Court in <u>BMW of North America, Inc. v. Gore</u>,  116 S.Ct. 1589 (1996) and <u>State Farm v. Campbell</u>, 123 S.Ct. 1513 (2003) bar any recovery by plaintiffs against these defendants for punitive damages.

**ELEVENTH DEFENSE**

Pursuant to the decisions of the United States Supreme Court in <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996) and <u>State Farm v. Campbell</u>, 123 S.Ct. 1513 (2003), O.C.G.A. § 51-12-5.1 is unconstitutional under the United States Constitution.  Therefore, plaintiffs cannot make a recovery for punitive damages against these defendants.

**TWELFTH DEFENSE**

These defendants have a bona fide defense to the claims asserted against them by the plaintiffs.  Therefore, plaintiffs may not recover attorney's fees and litigation expenses against them, pursuant to O.C.G.A. § 13-6-11.

**THIRTEENTH DEFENSE**

The statute of limitations bars plaintiffs' claims against these defendants.

**FOURTEENTH DEFENSE**

Claims for compensatory damages and injunctive relief asserted by the plaintiffs and the purported member of the plaintiffs' class are barred because the plaintiffs/plaintiff class members lack standing to assert a claim for such relief.

## FIFTEENTH DEFENSE

Class certification in this matter is improper, and this case is unsuitable for class treatment. Thus, class certification should be denied in its present configuration or in any other configuration, and all references to a class action should be stricken from the plaintiff's Complaint.

## SIXTEENTH DEFENSE

The claims sought to be asserted on behalf of the alleged class cannot properly be maintained as a class-action under F.R.C.P. 23, or otherwise, because, among other things:

a)   individual questions of fact and law predominate, and thus commonality is not present;

b)   the claims asserted by the Plaintiffs are not typical of any alleged claims of members of the purported class;

c)   the alleged class fails to meet the numerosity requirement;

d)   litigation on a class-wide basis of the claims the Plaintiffs allege in their complaint would be unmanageable and not a superior method of adjudication; and

e)   the representative parties cannot fairly and adequately protect the interests of the class.  Should the plaintiffs' complaint be allowed to proceed as a class action, which Red Hills contends it should not, the claims of certain class members will be barred by the doctrines of waiver, estoppels and consent.

## SEVENTEENTH DEFENSE

Should the plaintiffs' complaint be allowed to proceed as a class action, which Red Hills contends it should not, the claims of certain class members will be barred by the doctrines of waiver, estoppels and consent.

**EIGHTEENTH DEFENSE**

Should the plaintiffs' complaint be allowed to proceed as a class action, which Red Hills contends it should not, the claims of certain class members will be barred by the applicable statute of limitations, by the doctrine of laces and by discharge in bankruptcy.

**NINETEENTH DEFENSE**

Should the plaintiffs' complaint be allowed to proceed as a class action, which Red Hills contends it should not, the claims of certain class members will be barred by the doctrine of res judicata.

**TWENTIETH DEFENSE**

Additional defenses may also apply to individual class members who are not identified in the complaint, and Red Hills expressly reserves the right to add additional affirmative defenses with respect to class members whose claims are not identical to those of the plaintiffs. Red Hills further reserves the right to plead any other affirmative defenses made known during the course of discovery.

**TWENTY-FIRST DEFENSE**

The Doctrine of Sovereign Immunity bars some or all of the claims asserted by plaintiffs against these defendants.

**TWENTY-SECOND DEFENSE**

The Doctrine of Official Immunity bars some or all of the claims asserted by plaintiffs against the defendants.

**TWENTY-THIRD DEFENSE**

This Court lacks subject matter jurisdiction over this action.

## TWENTY-FOURTH DEFENSE

Process and service of process upon these defendants is improper, illegal and void.

## TWENTY-FIFTH DEFENSE

This Court lacks in personam jurisdiction over these defendants.

## TWENTY-SIXTH DEFENSE

Subject to and without waiving the foregoing affirmative defenses, these defendants respond to the specific allegations of the plaintiffs' complaint in numbered paragraphs which correspond to the numbered paragraphs in the plaintiffs' complaint as follows:

1.

These defendants deny the allegations contained in paragraph 1 of plaintiffs' complaint.

2.

These defendants admit the allegations contained in paragraph 2 of plaintiffs' complaint.

3.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny that "plaintiffs' are indigent men and women."   These defendants admit the remaining allegations contained in paragraph 3 of plaintiff's complaint.

4.

These defendants admit the allegations contained in paragraph 4 of plaintiffs' complaint.

**A. Immediate Payment or Seizure Policy**

5.

These defendants admit that plaintiffs Edwards, Barber, and Cheeks met with a Red Hills probation officer inside the courthouse.  These defendants deny the remaining allegations contained in paragraph 5 of plaintiffs' complaint.

6.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 6 of plaintiffs' complaint.

7.

These defendants deny the allegations contained in paragraph 7 of plaintiffs' complaint.

8.

These defendants deny the allegations contained in paragraph 8 of plaintiffs' complaint.

9.

These defendants deny the allegations contained in paragraph 9 of plaintiffs' complaint.

10.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 10 of plaintiffs' complaint.

11.

These defendants deny the allegations contained in paragraph 11 of plaintiffs' complaint.

**B. Expired Probation Sentence Policy**

12.

These defendants deny the allegations contained in paragraph 12 of plaintiffs' complaint.

13.

These defendants deny the allegations contained in paragraph 13 of plaintiffs' complaint.

14.

These defendants deny the allegations contained in paragraph 14 of plaintiffs' complaint.

15.

These defendants deny the allegations contained in paragraph 15 of plaintiffs' complaint.

16.

These defendants deny the allegations contained in paragraph 16 of plaintiffs' complaint.

17.

These defendants deny the allegations contained in paragraph 17 of plaintiffs' complaint.

**JURISDICTION AND VENUE**

18.

These defendants deny the allegations contained in paragraph 18 of plaintiffs' complaint.

19.

These defendants admit that at least one defendant resides in the Middle District of Georgia, Albany Division.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny that all defendants reside in the State of Georgia.  These defendants deny the remaining allegations contained in paragraph 19 of plaintiffs' complaint.

**PARTIES**

**A.  Plaintiffs**

20.

These defendants admit that Adel Edwards is an African American male who pleaded guilty in the Municipal Court of Pelham, Georgia for burning leaves in his yard without a permit on April 24, 2013.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendant can neither admit nor deny the remaining allegations contained in paragraph 20 of plaintiffs' complaint.

21.

These defendants admit that Fred Barber is an African American male who pleaded guilty in the Municipal Court of Bainbridge, Georgia to driving a vehicle with a suspended registration on August 21, 2013.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 21 of plaintiffs' complaint.

22.

These defendants admit that Vera Cheeks is an African American female who pleaded guilty in the Municipal Court of Bainbridge, Georgia to failing to come to a complete stop at a stop sign on October 22, 2014.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 22 of plaintiffs' complaint.

23.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 23 of plaintiffs' complaint.

24.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 24 of plaintiffs' complaint.

**B.  Defendants**

25.

These defendants admit that defendant Red Hills Community Probation, LLC (hereinafter referred to as "Red Hills") is a Georgia limited liability company which transacts business in the State of Georgia in counties within the Albany Division of the United District Court for the Middle District of Georgia.  These defendants admit that Red Hills has its principle office in Cairo, Georgia.  These defendants admit that Georgia law authorizes Pelham Municipal Court and Bainbridge Municipal Court to contract with Red Hills to supervise persons on probation who have either been convicted of, or pled guilty to, misdemeanor crimes.  These defendants deny the remaining allegations contained in paragraph 25 of plaintiffs' complaint.

26.

These defendants admit the allegations contained in the first sentence, the second sentence, the third sentence, and the last sentence of paragraph 26 of plaintiffs' complaint.  These defendants deny the remaining allegations contained in paragraph 26 of plaintiffs' complaint.

27.

These defendants admit the first sentence, the second sentence, the third sentence, and the last sentence contained in paragraph 27 of plaintiffs' complaint.  These defendants deny the remaining allegations contained in paragraph 27 of plaintiffs' complaint.

28.

These defendants admit the allegations contained in the second sentence of paragraph 28 of plaintiffs' complaint.   These defendants deny the remaining allegations contained in paragraph 28 of plaintiffs' complaint.

29.

These defendants admit the allegations contained in the first sentence of paragraph 29 of plaintiffs' complaint.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in the second sentence of paragraph 29 of plaintiffs' complaint.

30.

These defendants admit the allegations contained in the first sentence of paragraph 30 of plaintiffs' complaint.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in the second sentence of paragraph 30 of plaintiffs' complaint.

31.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 31 of plaintiffs' complaint.

32.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 32 of plaintiffs' complaint.

33.

These defendants admit that the City of Pelham, Georgia is a municipal governmental entity.  These defendants deny the remaining allegations contained in paragraph 33 of plaintiffs' complaint.

34.

These defendants admit that the City of Bainbridge, Georgia is a municipal governmental entity.  These defendants deny the remaining allegations contained in paragraph 34 of plaintiffs' complaint.

CLASS ACTION ALLEGATIONS

35.

These defendants deny the allegations contained in paragraph 35 of plaintiffs' complaint.

36.

These defendants deny the allegations contained in paragraph 36 of plaintiffs' complaint, including each subpart therein contained.

37.

These defendants deny the allegations contained in paragraph 37 of plaintiffs' complaint.

38.

These defendants deny the allegations contained in paragraph 38 of plaintiffs' complaint.

STATEMENT OF FACTS

**A.**  The Cities' Delegation of Municipal Probation Services to Red Hills

39.

These defendants admit the allegations contained in paragraph 39 of plaintiffs' complaint.

40.

These defendants admit the allegations contained in paragraph 40 of plaintiffs' complaint.

41.

These defendants admit the allegations contained in paragraph 41 of plaintiffs' complaint.

42.

These defendants admit the allegations contained in paragraph 42 of plaintiffs' complaint.

43.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 43 of plaintiffs' complaint.

44.

These defendants admit the allegations contained in paragraph 44 of plaintiffs' complaint.

45.

These defendants admit that persons on probation through the municipal courts referred to herein pay a probation supervision fee of $35.00 per month and a Georgia Crime Victim Emergency Fund Fee of $9.00 per month; these two fees total $44.00 per month.   These defendants deny the remaining allegations contained in paragraph 45 of plaintiffs' complaint.

46.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 46 of plaintiffs' complaint.

47.

These defendants admit the allegations contained in paragraph 47 of plaintiffs' complaint.

48.

These defendants deny the allegations contained in paragraph 48 of plaintiffs' complaint.

49.

These defendants deny the allegations contained in paragraph 49 of plaintiffs' complaint.

50.

These defendants deny the allegations contained in the second sentence of paragraph 50 of plaintiffs' complaint.   These defendants admit the remaining allegations contained in paragraph 50 of plaintiffs' complaint.

51.

These defendants deny the allegations contained in the second sentence of paragraph 50 of plaintiffs' complaint.   These defendants admit the remaining allegations contained in paragraph 51 of plaintiffs' complaint.

52.

These defendants deny the allegations contained in paragraph 52 of plaintiffs' complaint.

53.

These defendants deny the allegations contained in paragraph 53 of plaintiffs' complaint.

54.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 54 of plaintiffs' complaint.

55.

These defendants deny the allegations contained in paragraph 55 of plaintiffs' complaint.

56.

These defendants admit that Red Hills probation officers know they have no legal basis to require persons who have successfully competed probation to continue reporting to a probation officer.  These defendants deny the remaining allegations contained in paragraph 56 of plaintiffs' complaint.

57.

These defendants deny the allegations contained in paragraph 57 of plaintiffs' complaint.

58.

These defendants admit the allegations contained in paragraph 58 of plaintiffs' complaint.

59.

These defendants admit the allegations contained in paragraph 59 of plaintiffs' complaint.

60.

These defendants deny that "Edwards was not free to leave."  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in the last sentence of paragraph 60 of

plaintiffs' complaint.  These defendants admit the remaining allegations contained in paragraph 60 of plaintiffs' complaint.

61.

These defendants deny the allegations contained in paragraph 61 of plaintiffs' complaint.

62.

These defendants admit that a Red Hills probation officer told Edwards that he owed $1,028.00 and further admit that before meeting with the probation officer, Edwards had not been informed of his probation conditions.  These defendants deny the remaining allegations contained in paragraph 62 of plaintiffs' complaint.

63.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 63 of plaintiffs' complaint.

64.

These defendants deny the allegations contained in paragraph 64 of plaintiffs' complaint.

65.

These defendants deny that either Martiele Pickle or Jodi Simpson told Edwards he could not leave the courthouse.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 65 of plaintiffs' complaint.

66.

These defendants admit that Edwards remained in the courtroom until court was over. These defendants deny the remaining allegations contained in paragraph 66 of plaintiffs' complaint.

67.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 67 of plaintiffs' complaint.

68.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 68 of plaintiffs' complaint.

69.

These defendants admit the allegations contained in the first sentence of paragraph 69 of plaintiffs' complaint.  These defendants deny the remaining allegations contained in paragraph 69 of plaintiffs' complaint.

70.

These defendants admit that Edwards' probation expired on April 24, 2014.  These defendants deny the remaining allegations contained in paragraph 70 of plaintiffs' complaint.

71.

These defendants admit that Edwards made the following payments: August 21, 2014 ($3.00); September 11, 2014 ($4.00); October 16, 2014 ($6.00) ; and December 11, 2014

($5.00).   These defendants deny the remaining allegations contained in paragraph 71 of plaintiffs' complaint.

72.

These defendants deny the allegations contained in paragraph 72 of plaintiffs' complaint.

73.

These defendants deny the allegations contained in paragraph 73 of plaintiffs' complaint.

74.

These defendants deny the allegations contained in paragraph 74 of plaintiffs' complaint.

75.

These defendants deny the allegations contained in paragraph 75 of plaintiffs' complaint.

76.

These defendants admit the allegations contained in paragraph 76 of plaintiffs' complaint.

77.

These defendants admit the allegations contained in paragraph 77 of plaintiffs' complaint.

78.

These defendants admit the allegations contained in paragraph 78 of plaintiffs' complaint.

79.

These defendants admit the allegations contained in paragraph 79 of plaintiffs' complaint.

80.

These defendants deny the allegations contained in the first sentence of paragraph 80 of plaintiffs' complaint.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 80 of plaintiffs' complaint.

81.

These defendants deny the allegations contained in the last sentence of paragraph 81 of plaintiffs' complaint.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 81 of plaintiffs' complaint.

82.

These defendants deny the allegations contained in paragraph 82 of plaintiffs' complaint.

83.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 83 of plaintiffs' complaint.

84.

These defendants deny that Martiele Pickle and city police officers detained Barber at the courthouse.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 84 of plaintiffs' complaint.

85.

These defendants admit that Barber paid $280.00, but these defendants deny that Martiele Pickle permitted Barber to leave the room only after paying said sum.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 85 of plaintiffs' complaint.

86.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny whether Vera Cheeks entered a plea of nolo contendere.  These defendants admit the remaining allegations contained in paragraph 86 of plaintiffs' complaint.

87.

These defendants admit that Judge Bell placed Cheeks on probation for three months. For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 87 of plaintiffs' complaint.

88.

These defendants admit the allegations contained in paragraph 88 of plaintiffs' complaint.

89.

These defendants admit the allegations contained in paragraph 89 of plaintiffs' complaint.

90.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in the last sentence of paragraph 90 of plaintiffs' complaint.   These defendants deny the remaining allegations contained in paragraph 90 of plaintiffs' complaint.

91.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 91 of plaintiffs' complaint.

92.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the allegations contained in paragraph 92 of plaintiffs' complaint.

93.

These defendants admit that Cheeks sat in a probation room, but they deny that she was unable to leave same.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 93 of plaintiffs' complaint.

94.

These defendants deny the allegations contained in the second sentence of paragraph 94 of plaintiffs' complaint.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, these defendants can neither admit nor deny the remaining allegations contained in paragraph 94 of plaintiffs' complaint.

CLAIMS FOR RELIEF

COUNT ONE

Due Process Clause Violations

Violation of the Fourteenth Amendment to the United States Constitution,
Brought Under 42 U.S.C. § 1983, and
Violation of Art. I, Sec. I, Para. I of the Georgia Constitution
(by all Plaintiffs against all Defendants)

95.

In response to paragraph 95 of plaintiffs' complaint, these defendants reassert and restate each and every defense, answer and response with reference to paragraphs numbers 1 through 94 of plaintiffs' complaint with the same effect as if repeated here, each allegation herein unless expressly admitted or specifically answered otherwise.

96.

These defendants deny the allegations contained in paragraph 96 of plaintiffs' complaint.

97.

These defendants deny the allegations contained in paragraph 97 of plaintiffs' complaint.

98.

These defendants deny the allegations contained in paragraph 98 of plaintiffs' complaint.

99.

These defendants deny the allegations contained in paragraph 99 of plaintiffs' complaint.

100.

These defendants deny the allegations contained in paragraph 100 of plaintiffs' complaint.

101.

These defendants deny the allegations contained in paragraph 101 of plaintiffs' complaint.

<u>COUNT TWO</u>

Equal Protection Clause Violations

Violation of the Fourteenth Amendment to the United States Constitution,
Brought Under 42 U.S.C. § 1983, and
Violation of Art. I, Sec. I, Para. II of the Georgia Constitution

(by all Plaintiffs against all Defendants)

102.

In response to paragraph 102 of plaintiffs' complaint, these defendants reassert and restate each and every defense, answer and response with reference to paragraphs numbers 1 through 101 of plaintiffs' complaint with the same effect as if repeated here, each allegation herein unless expressly admitted or specifically answered otherwise.

103.

These defendants deny the allegations contained in paragraph 103 of plaintiffs' complaint.

104.

These defendants deny the allegations contained in paragraph 104 of plaintiffs' complaint.

105.

These defendants deny the allegations contained in paragraph 105 of plaintiffs' complaint.

106.

These defendants deny the allegations contained in paragraph 106 of plaintiffs' complaint.

107.

These defendants deny the allegations contained in paragraph 107 of plaintiffs' complaint.

108.

These defendants deny the allegations contained in paragraph 108 of plaintiffs' complaint.

<u>COUNT THREE</u>

Unconstitutional Seizure

Violation of the Fourth and Fourteenth Amendments to the United States Constitution, Brought Under 42 U.S.C. § 1983, and Violation of Art. I, Sec. I, Para. XIII of the Georgia Constitution

(by all Plaintiffs against all Defendants)

109.

In response to paragraph 109 of plaintiffs' complaint, these defendants reassert and restate each and every defense, answer and response with reference to paragraphs numbers 1 through 108 of plaintiffs' complaint with the same effect as if repeated here, each allegation herein unless expressly admitted or specifically answered otherwise.

110.

These defendants deny the allegations contained in paragraph 110 of plaintiffs' complaint.

111.

These defendants deny the allegations contained in paragraph 111 of plaintiffs' complaint.

112.

These defendants deny the allegations contained in paragraph 112 of plaintiffs' complaint.

113.

These defendants deny the allegations contained in paragraph 113 of plaintiffs' complaint.

114.

These defendants deny the allegations contained in paragraph 114 of plaintiffs' complaint.

115.

These defendants deny the allegations contained in paragraph 115 of plaintiffs' complaint.

116.

These defendants deny the allegations contained in paragraph 116 of plaintiffs' complaint.

117.

These defendants deny the allegations contained in paragraph 117 of plaintiffs' complaint.

118.

These defendants deny the allegations contained in paragraph 118 of plaintiffs' complaint.

119.

These defendants deny the allegations contained in paragraph 119 of plaintiffs' complaint.

120.

These defendants deny the allegations contained in paragraph 120 of plaintiffs' complaint.

COUNT FOUR

False Imprisonment

(by Plaintiffs Barber and Cheeks against Defendants Red Hills, Crutchfield, Pickle, and John Does 4-6; by Plaintiff Edwards against Defendants Red Hills, Crutchfield, Pickle, Simpson, and John Does 1-3)

121.

In response to paragraph 121 of plaintiffs' complaint, these defendants reassert and restate each and every defense, answer and response with reference to paragraphs numbers 1 through 120 of plaintiffs' complaint with the same effect as if repeated here, each allegation herein unless expressly admitted or specifically answered otherwise.

122.

These defendants deny the allegations contained in paragraph 122 of plaintiffs' complaint.

123.

These defendants deny the allegations contained in paragraph 123 of plaintiffs' complaint.

124.

These defendants deny the allegations contained in paragraph 124 of plaintiffs' complaint.

125.

These defendants deny the allegations contained in paragraph 125 of plaintiffs' complaint.

126.

These defendants deny the allegations contained in paragraph 126 of plaintiffs' complaint.

COUNT FIVE

Unlawful Imprisonment for Debt

Violation of Art. I, Sec. I, Para. XXIII of the Georgia Constitution

(by Plaintiffs Edwards, Barber, and Cheeks against all Defendants)

127.

In response to paragraph 127 of plaintiffs' complaint, these defendants reassert and restate each and every defense, answer and response with reference to paragraphs numbers 1 through 126 of plaintiffs' complaint with the same effect as if repeated here, each allegation herein unless expressly admitted or specifically answered otherwise.

128.

These defendants deny the allegations contained in paragraph 128 of plaintiffs' complaint.

129.

These defendants deny the allegations contained in paragraph 129 of plaintiffs' complaint.

COUNT SIX

Fraud

(by Plaintiff Edwards against Defendants Red Hills, Crutchfield, and Simpson)

130.

In response to paragraph 130 of plaintiffs' complaint, these defendants reassert and restate each and every defense, answer and response with reference to paragraphs numbers 1 through 129 of plaintiffs' complaint with the same effect as if repeated here, each allegation herein unless expressly admitted or specifically answered otherwise.

131.

These defendants deny the allegations contained in paragraph 131 of plaintiffs' complaint.

132.

These defendants deny the allegations contained in paragraph 132 of plaintiffs' complaint.

133.

These defendants deny the allegations contained in paragraph 133 of plaintiffs' complaint.

COUNT SEVEN

Injunctive Relief

134.

In response to paragraph 134 of plaintiffs' complaint, these defendants reassert and restate each and every defense, answer and response with reference to paragraphs numbers 1 through 133 of plaintiffs' complaint with the same effect as if repeated here, each allegation herein unless expressly admitted or specifically answered otherwise.

135.

These defendants deny that they engaged in the conduct alleged, which is the apparent basis for plaintiffs' request for injunctive relief, these defendants deny the remaining allegations contained in paragraph 135 of plaintiffs' complaint.

136.

These defendants deny the allegations contained in paragraph 136 of plaintiffs' complaint.

137.

These defendants deny the allegations contained in paragraph 137 of plaintiffs' complaint.

138.

These defendants deny the allegations contained in paragraph 138 of plaintiffs' complaint.

COUNT EIGHT

Declaratory Relief

139.

In response to paragraph 139 of plaintiffs' complaint, these defendants reassert and restate each and every defense, answer and response with reference to paragraphs numbers 1 through 138 of plaintiffs' complaint with the same effect as if repeated here, each allegation herein unless expressly admitted or specifically answered otherwise.

140.

These defendants deny the allegations contained in paragraph 140 of plaintiffs' complaint.

141.

These defendants deny the allegations contained in paragraph 141 of plaintiffs' complaint.

142.

These defendants deny the allegations contained in paragraph 142 of plaintiffs' complaint.

143.

In response to the paragraph entitled "**PRAYER FOR RELIEF**," these defendants deny plaintiffs' prayers for relief.

144.

These defendants deny each and every allegation contained in plaintiffs' complaint which they have not specifically answered hereinabove and further deny that the plaintiffs are entitled to a judgment against them.

This the 7th day of May, 2015.

**YOUNG, THAGARD, HOFFMAN,**
**SMITH, LAWRENCE & SHENTON**

P.O. Box 3007
Valdosta, GA 31604-3007
229-242-2520
229-242-5040 fax
Email: jaysmith@youngthagard.com

By:   /s/J. Holder Smith, Jr.
      J. Holder Smith, Jr.
      State Bar No.:  661105
      Attorney for Defendants Red Hills,
      Crutchfield, Pickle, and Simpson

## CERTIFICATE OF SERVICE

I hereby certify that I  electronically filed the foregoing **ANSWER TO COMPLAINT**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Mr. Gerald R. Weber
Attorney At Law
P.O. Box 5391
Atlanta, GA 31107

Ms. Sarah Geraghty
Mr. Ryan Primerano
Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, GA 30303

Mr. John C. Spurlin
Spurlin & Spurlin, LLC
P.O. Box 7566
Tifton, GA 31793

This 7th day of May, 2015.

/s/J. Holder Smith, Jr.
J. Holder Smith, Jr.
State Bar No.: 661105
Attorney for Defendants Red Hills,
Crutchfield, Pickle, and Simpson