IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ADEL EDWARDS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RED HILLS COMMUNITY )<br>PROBATION, LLC, *et al.*, )<br>)<br>Defendants. )<br> ) | CIVIL ACTION<br><br>NO. 1:15-00067-LJA |

## CONSENT ORDER

Plaintiffs Adel Edwards, Vera Cheeks, Fred Barber, Ulysses West and James Davis ("Plaintiffs") brought this action challenging policies of the City of Bainbridge; Eric Miller, individually and in his official capacity as Director of Public Safety for the City of Bainbridge; the City of Pelham; Nealie McCormick, individually and in his official capacity as Police Chief for the City of Pelham; Red Hills Community Probation, LLC, a private probation company under contract with each City to supervise probationers sentenced by the Municipal Courts of the City of Bainbridge and the City of Pelham; and Margaret Crutchfield, Jodi Simpson and Martiele Pickle, who were employed by Red Hills Community Probation, LLC (hereinafter collectively referred to as "Defendants"). Plaintiffs alleged that Defendants violated the federal constitutional rights of Plaintiffs and

others similarly situated by requiring them to make initial probation payments on the day of sentencing, under threat of imprisonment, and by imprisoning those who failed to pay (the "Immediate Payment or Seizure Policy"). Plaintiffs further alleged that Defendants violated the federal constitutional rights of Plaintiffs and others similarly situated by requiring probationers to continue reporting and making payments after their probation sentences had expired (the "Expired Probation Sentence Policy"). In the complaint they filed in this matter, Plaintiffs sought injunctive and declaratory relief, compensatory and punitive damages, and other relief.

After the filing of the lawsuit, Plaintiffs and the City of Pelham engaged in negotiations and mutually agreed to a settlement of the claims that are being asserted against the City of Pelham, Nealie McCormick, and John Does 1–3. This Consent Order is submitted and entered into as a settlement of all claims set forth in Plaintiffs' Complaint with respect to the City of Pelham, Nealie McCormick, and John Does 1–3 (hereinafter collectively referred to as "the Pelham Defendants"). This Consent Order represents the mutual agreement of the parties to the terms set forth herein and shall not be deemed an admission by Plaintiffs or the Pelham Defendants. In consideration of and in reliance on the parties' mutual agreement to the terms of settlement set forth herein, Plaintiffs, hereby agree to a

voluntary dismissal of the claims asserted against the Pelham Defendants, upon the following terms and conditions:

1.     This Consent Order shall bind the Pelham Defendants, as well as their officers, agents, servants, employees and attorneys.  This Consent Order shall further bind any persons in active concert or participation with the Pelham Defendants, including employees of private probation companies.

2.     The Pelham Defendants shall give actual notice of the terms of this Consent Order to the Judge of the Municipal Court, the Clerk of the Municipal Court, and any other persons involved with the operation of the Municipal Court of the City of Pelham within 14 days of entry of this Consent Order, or within 14 days of establishing an employment, contractual, or other relationship with a person or entity who will be involved with the operation of the Municipal Court of the City of Pelham.  Without limiting the scope of Paragraph 1, above, the parties agree that any judge seated on the Municipal Court of Pelham shall be bound by this Consent Order and that the City of Pelham shall be responsible for providing actual notice of the terms of this Consent Order to any judge, permanent or temporary, who presides over its Municipal Court.

3.     The Pelham Defendants deny that they implemented or authorized an "Immediate Seizure Policy" or an "Expired Probation Sentence Policy" with respect to the Pelham Municipal Court.  Regardless of the foregoing, with respect

to the operation of its Municipal Court, the Pelham Defendants agree not to implement or utilize the "Immediate Payment or Seizure Policy" or the "Expired Probation Sentence Policy," as those terms are described above and in the Complaint.

4. The City of Pelham agrees to adopt as its official policy the Standing Order attached to this Consent Order as Exhibit A, which is hereby incorporated by reference as if fully set out herein. The City of Pelham shall make all reasonable efforts to ensure that its Municipal Court enters the substantial equivalent of the Standing Order within 30 days of entry of this Consent Order.

5. Within 30 days of the entry of this Consent Order, the Pelham Police Chief shall establish a system for recording complaints about probation officers assigned to supervise probationers sentenced by the Municipal Court of the City of Pelham. The system shall be set forth in a written instrument and must include, at minimum, (a) a designated person responsible for receiving, maintaining, and responding to complaints about the probation department and its probation officers; (b) a procedure for screening and investigating colorable complaints of misconduct by the probation department and its probation officers; (c) a procedure for referring well-founded complaints to the Municipal Judge or another City official empowered to take corrective action up to and including suspending or terminating the probation department or its individual probation officers; and (d) a

procedure for compiling an annual report sufficient to show the substance of each complaint, whether each complaint was determined to be well-founded and the reasons for the determination, and the action taken in response to each complaint. The records and annual report required under this paragraph shall be deemed public records, except that the identities of complainants shall be redacted or obscured before publication.

6. Within 30 days of the entry of this Consent Order, the Pelham Police Chief shall establish an official written policy of permitting inmates who are incarcerated as a result of a sentence imposed in the Municipal Court of the City of Pelham to earn credit for good behavior, regardless of where those inmates are housed. The Pelham Police Chief shall notify the actual custodian(s) of such inmates of the terms and conditions of the policies required by this paragraph.

7. The City of Bainbridge, Eric Miller, Jerry Carter, Red Hills Community Probation, LLC, Margaret Crutchfield, Jodi Simpson, Martiele Pickle, and John Does 1–6, shall not be bound by the terms of this Consent Order except as provided in Paragraph 1, above.

8. Plaintiffs and the Pelham Defendants agree to execute a Settlement Agreement and General Release which will resolve the claims for damages and other monetary relief that the individual Plaintiffs are asserting against the Pelham Defendants.

10. The terms of this Consent Order shall remain in place for four years from the date of its entry. Plaintiffs and the Pelham Defendants recognize that the law of the State of Georgia may change from time to time with respect to Municipal Courts, private probation companies, and credit for good behavior for inmates. Therefore, if within the four-year period, such a change in the law occurs, Plaintiffs or the City of Pelham, or both, may file a motion with the Court seeking a modification of the terms of this Consent Order if such terms would cause a party to be in violation of Georgia law. Attorneys for the parties shall confer before the filing of any such motion. The non-filing party shall have 21 days to respond in writing to any such motion. Such motion shall only be granted upon a showing of good cause.

WHEREFORE, upon the consent of Plaintiffs, the City of Pelham, and Nealie McCormick, the Court, pursuant to Rule 41 of the Federal Rules of Civil Procedure, hereby dismisses the claims asserted in the above-styled action against the City of Pelham, Nealie McCormick, and John Does 1–3. The Court retains jurisdiction of the case to enforce the terms of this Consent Order.

SO ORDERED, this 1st day of February, 2016.

   /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**

**APPROVED AND CONSENTED TO BY:**

s/Sarah Geraghty
Sarah Geraghty
Georgia Bar No. 291393
Gerald Weber
Georgia Bar No. 744878
Ryan Primerano
Georgia Bar No. 404962
SOUTHERN CENTER
FOR HUMAN RIGHTS
83 Poplar Street, NW
Atlanta, GA  30303
Telephone: (404) 688-1202
Facsimile: (404) 688-9440
sgeraghty@schr.org
gweber@schr.org
rprimerano@schr.org

s/ W. Brent Hyde
(signed by S. Geraghty with express permission)
W. Brent Hyde
Georgia Bar No. 381455
HALL BOOTH SMITH, P.C.
1564 King Road
Tifton, GA  31793
Telephone: (229) 382-0515
Facsimile: (229) 382-1676
bhyde@hbss.net

*Counsel for the City of Pelham, Nealie McCormick, and John Does 1-3*

**CONSENTED TO BY:**

s/J. Holder Smith, Jr.
(signed by S. Geraghty with express permission)
J. Holder Smith, Jr.
Georgia Bar No. 661105
YOUNG, THAGARD, HOFFMAN,
SMITH, LAWRENCE & SHENTON
P.O. Box 3007
Valdosta, GA  31604
Telephone: (229) 242-2520
Facsimile: (229) 242-5040
jaysmith@youngthagard.com

*Counsel for Red Hills Community Probation, LLC, Margaret Crutchfield, Martiele Pickle, and Jodi Simpson*

s/ Raleigh Rollins
(signed by S. Geraghty with express permission)
Raleigh Rollins
Georgia Bar No. 613860
ALEXANDER & VANN, LLP
411 Gordon Avenue
Thomasville, GA  31792
Telephone: (229) 226-2565
Facsimile: (229) 228-0444
rrollins@alexandervann.com

*Counsel for the City of Bainbridge Eric Miller, Jerry Carter, and John Does 4-6*

# EXHIBIT A

IN THE MUNICIPAL COURT OF PELHAM
STATE OF GEORGIA

**STANDING ORDER CONCERNING PROBATION SUPERVISION**

The Court, desiring to set forth certain rules regarding the treatment of defendants and the supervising of probationers for the City of Pelham, does hereby ORDER as follows:

1. No probation officer shall apply for or threaten to seek an arrest warrant for a probationer's failure to pay fines or fees unless the probation officer has a good-faith, objective basis for believing that the probationer has the present ability to pay fines or fees.

2. No probation officer shall instruct any probationer to request that his or her friends or family members pay the probationer's fines or fees, except to the extent that family members have a legal duty to pay the probationer's fines or fees.

3. All probation officers, the Court, and all employees of the City shall follow all laws regarding the treatment of probationers including, but not limited to the Official Code of Georgia, the United States Constitution, the Georgia Constitution, and all applicable case law. Specifically, all officers and employees shall observe the following rules and principles:

    (a) No probationer shall be restrained in his or her personal liberty by a probation officer except under a valid warrant or other order of this Court.

    (b) Every probationer shall be entitled to request modification of probation conditions at any time for good cause shown.  Such modification may include, without limitation, reducing fines or fees or converting them to community service; transferring supervision to a different county or municipality; modifying reporting requirements; and reducing or terminating probation, as may be appropriate.

    (c) The probation officer shall notify the Court if he or she has reason to believe that a probationer will be unable to satisfy his

or her financial obligations, due to significant financial hardship, for two or more consecutive months absent modification of probation conditions.

4. If a probationer has failed to report to the probation officer, the probation officer may seek an arrest warrant and/or tolling of the probation sentence, provided that an affidavit is submitted to the Court showing the following:

   (a) The probationer has failed to report on two or more occasions;

   (b) The probation officer has attempted on two or more occasions to contact the probationer at the probationer's last known telephone number or e-mail address, which shall be listed in the affidavit;

   (c) The probation officer has checked the rosters of the Mitchell County Jail, Thomas County Jail, Decatur County Jail, and Grady County Jail, and the website of the Georgia Department of Corrections, and has determined that the probationer is not incarcerated in those facilities; and

   (d) The probation officer has sent a letter by first-class mail to the probationer's last-known address, which shall be listed in the affidavit, warning the probationer that a tolling order and/or arrest warrant would be sought if the probationer failed to report by telephone or in person within 10 days, and the probationer failed to report as directed in the letter.

5. Prior to supervising any person sentenced by this Court, and at least every six months thereafter, a probation officer shall be trained in the terms of this Order, the areas of law described in Paragraphs 3 and 4 of this Order, and such other matters as the Court deems appropriate.

6. All defendants and probationers brought before the Court for probation revocations shall be instructed as to their constitutional rights, including but not limited to their right to apply for appointed counsel, the benefits of having counsel, and the dangers of proceeding without counsel.  No fee will be charged for the application.  A

      written waiver of counsel must be executed prior to any proceeding before the Court.

7. The Court designates the City's Chief of Police or his or her duly authorized representative, to receive, record, and investigate complaints about probation officers and refer serious credible complaints to the Court for corrective action. Each probationer shall be informed by his or her probation officer of the procedure for lodging complaints.

8. No probationer shall be incarcerated at any time for the sole reason of failing to pay fines and fees unless said failure was willful and no adequate alternative to incarceration exists. The Court shall conduct an economic ability-to-pay hearing and issue a written order with findings of fact prior to anyone being incarcerated for the sole reason of failing to pay fines and fees.

9. Criminal proceedings and probation revocation proceedings shall be recorded by a court reporter, or by the Clerk of Court using a reliable audio or audio-video recording device, such records to be kept as required under Rule 26 of the Uniform Municipal Court Rules.

10. The Clerk of Court shall maintain a complete copy of each case file, including, but not limited to, all tolling affidavits and orders, petitions for probation revocation, and orders revoking probation.

11. For any willful violation of this order by the Court, the City may terminate the Judge for cause.

12. For any willful violation of this order by any probation officer, the Court may terminate the Probation Company for cause.

      SO ORDERED this _____ day of _____, 2015.

                              _____
                              Municipal Judge